57 F.3d 1071
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
David DIX, Defendant-Appellant.
 No. 94-4065.
 United States Court of Appeals, Sixth Circuit.
 June 9, 1995.
 
 Before: MARTIN and SILER, Circuit Judges; and JOINER, District Judge.*
 PER CURIAM.
 
 
 1
 David Dix appeals the district court's order denying his motion to suppress evidence seized during the March 17, 1994, search of his sister's residence. He claims that the district court erroneously concluded that he lacked standing to challenge the search and that in any event the affidavit in support of the search warrant did not establish probable cause for the search. For the following reasons, we affirm the judgment of the district court.
 
 
 2
 On March 16 or 17, 1994, Detective George Deli of the Cleveland Police Department monitored a telephone conversation between a confidential informant and a "David O," an individual whom the informant tagged as a cocaine dealer. During the course of that conversation, "David O" offered to sell the informant cocaine at $900.00 per ounce, which was roughly street value, and indicated that the drugs would be available on March 17 at 3084 East Seventy-Ninth Street, Apartment 368, in Cleveland. On March 17, after learning that the informant confirmed that "David O" had cocaine in Apartment 368, Detective Deli prepared an affidavit in support of a warrant to search the premises for drugs and drug paraphernalia. A state judge issued the warrant at approximately 6:00 p.m. that evening. During the resulting search of the apartment, police discovered 731.08 grams of cocaine and two firearms.
 
 
 3
 At the time police executed the warrant, eight people were present in the apartment: Tricia Butler and her two children, a female friend and her three children, and Butler's brother, David Dix. Dix typically visited the apartment numerous times during any given week, and he was sometimes there while his sister was out. According to Butler, Dix was free to visit her apartment whenever he wished, and he had stayed overnight "twice to three times" during the course of the year that she resided there. On the evening of the search, however, Dix had no overnight bag or anything else that would suggest that he intended to spend the night at Butler's apartment. Moreover, to Butler's knowledge, Dix never listed her apartment as his address, and he never received mail there. In addition, Butler did not supply Dix with his own key to her apartment, although she let him use hers "several times."
 
 
 4
 On April 26, 1994, a federal grand jury returned an indictment charging Dix with one count of possessing with intent to distribute approximately 731.08 grams of cocaine in violation of 21 U.S.C. Sec. 841(a)(1) and one count of using a firearm during and in relation to a drug trafficking offense in violation of 18 U.S.C. Sec. 924(c)(1).
 
 
 5
 Dix filed a motion to suppress the evidence seized during the search of his sister's residence, claiming a violation of his Fourth Amendment rights. After a hearing, the district court denied this motion, ruling that Dix lacked standing to object to the search and that the affidavit in support of the search warrant established the requisite probable cause, in any event.
 
 
 6
 After the district court denied his motion to suppress, Dix entered a conditional plea of guilty to the indictment, reserving the right to appeal the district court's ruling. On September 27, the district court sentenced Dix to a seventeen-year, seven-month term of imprisonment, to be followed by a five-year period of supervised release. This timely appeal followed.
 
 
 7
 We find that Dix does not have standing to object to the search of Butler's residence. As a casual, albeit frequent, visitor to his sister's apartment, who did not keep clothing there, who did not receive mail there, and who had no key, Dix had no reasonable expectation of privacy in the premises. Rakas v. Illinois, 439 U.S. 128, 142 (1978). While Dix was certainly more than a "transient party guest," United States v. Maddox, 944 F.2d 1223, 1234 (6th Cir.), cert. denied, 502 U.S. 950 (1991), he is nevertheless a far more casual visitor than an "overnight guest." Minnesota v. Olson, 495 U.S. 91, 96-97 (1990). Therefore, notwithstanding the fact that Dix viewed Butler's apartment as a "safe haven, a place to be with family or to be alone and listen to music, and a place where he had free reign to do as he pleased," he does not have standing to contest the search.
 
 
 8
 Assuming that Dix had established standing to challenge the search, however, we find that the affidavit in support of the search warrant established the requisite probable cause for the search. In determining whether a search warrant is supported by probable cause, a magistrate must employ a flexible, totality of the circumstances standard. Illinois v. Gates, 462 U.S. 213, 233 (1983). A reviewing court, in turn, must merely "determine whether there is substantial evidence in the record supporting the magistrate's decision to issue the warrant." Massachusetts v. Upton, 466 U.S. 727, 728 (1984). Here, we believe that the supporting affidavit gave the magistrate "a substantial basis for concluding that a search would uncover evidence of wrongdoing." United States v. Leake, 998 F.2d 1359, 1363 (6th Cir.1993) (citation omitted).
 
 
 9
 Even if this search warrant was issued without the requisite showing of probable cause, however, the searching officers relied on the warrant's validity in good faith. United States v. Leon, 468 U.S. 897 (1984). Because the affidavit filed in support of the warrant in this case was not "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable," United States v. Savoca, 761 F.2d 292, 296 (6th Cir.) (quoting Brown v. Illinois, 422 U.S. 590, 620-22 (1975) (Powell, J., concurring in part)), cert. denied, 474 U.S. 852 (1985), it falls within the good faith exception to the exclusionary rule.
 
 
 10
 For the foregoing reasons, we AFFIRM the judgment of the district court.
 
 
 
 *
 The Honorable Charles W. Joiner, United States District Judge for the Eastern District of Michigan, sitting by designation