IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs August 8, 2000 (at Jackson)

## STATE OF TENNESSEE v. ALVIN RAY TAYLOR

**Direct Appeal from the Circuit Court for Coffee County
No. 28,970**

**NO. M1999-2566-CCA-R3-CD - FILED APRIL 26, 2001**

James Curwood Witt, Jr., J., dissenting.


I find that I must respectfully depart from Judge Hayes's opinion. I concur in the reversal of the fine of $27,500, but I disagree that the fine provision of Code section 55-50–504(a) should be declared unconstitutional and that we should impose a fine pursuant to the provisions of Tennessee Code Annotated section 40-35-111(e)(1). I have concluded that we should hold that the particular fine in this case is excessive via our sentencing law but that we may, and should, stop short of declaring the statutory provision unconstitutional. On *de novo* review, we should impose a fine of $3,000, as is authorized by Code section 55-50-504(a).

It is unclear to me whether the majority bases its finding of constitutional infirmity upon the Eighth Amendment's "excessive fines" clause or its "cruel and unusual punishments" clause. The majority characterizes the infirmity as an excessive fine, but the analysis used is based upon the cruel and unusual punishment clause. *See Solem v. Helm*, 463 U.S. 277, 103 S. Ct. 3001 (1983). Moreover, the *Helm* court analyzed Helm's *sentence*, as opposed to the sentencing statute. *Id*. at 290-91, 103 S. Ct. at 3010. The court noted that "[t]he Constitution requires us to examine Helm's *sentence* to determine if it is proportionate to his crime." *Id*. at 303, 103 S. Ct. at 3016 (emphasis added). After reviewing the specific characteristics of Helm's case and his sentence, the court concluded that "his *sentence* is significantly disproportionate to his crime, and is therefore prohibited by the Eighth Amendment." *Id*. at 303, 103 S. Ct. at 3016-17 (emphasis added). In *Helm*, the Supreme Court did not analyze, much less strike down, the operative statute.

It is the duty of the courts to hold acts of the legislature constitutional if it is possible to do so, resolving every reasonable doubt in favor of constitutionality. . . . The cardinal principal [sic] of statutory construction is to save and not to destroy." *State v. Summers*, 692 S.W.2d 439, 442 (Tenn. Crim. App. 1985). Thus, a court will not pass on the constitutionality of a statute, or any part of one, unless it is absolutely necessary for the determination of the case and of the present rights of the parties to the litigation. *See State v. National Optical Stores Co.*, 189 Tenn. 433, 225 S.W.2d 263 (1949). A presumption exists in favor of the constitutionality of an act, and the courts are

constrained to construe the act in question so as to reconcile its provisions with the constitution, if possible. *See Koen v. State*, 162 Tenn. 573, 39 S.W.2d 283 (1931).

In light of these principles, I believe that two important considerations belie the need to declare the fine provisions of Code section 55-50-504(a)(2) unconstitutional.

First, even if one applies the three-part proportionality test of *Helm* to the fine imposed in the present case and if one concludes that the fine is disproportionate and offends the constitution, the preferred remedy should be to strike down the fine but not the statute. The statute is capable of application under relevant facts in which it may result in a large, but constitutional, fine. Code section 55-50-504(a) establishes penalties for a "second or subsequent violation" of the statute proscribing driving on a revoked license. Although the defendant was charged with only a second offense, the statute could be operative to sanction, for instance, a ten-time offender who not only violates the licensing law blatantly but is an incompetent driver and dangerously accident-prone. I do not doubt that the offenses proscribed by section 55-50-504(a)(1) can be egregious enough to render proportionate, and hence constitutional, a fine well in excess of $3,000.

Second, I conclude that the imposition of a $27,500 fine in the present case is unsupported in the record and that it is unnecessary to declare the fine unconstitutional, much less the statutory provision. As noted above, in *Helm*, the Supreme Court held that the sentence imposed pursuant to the South Dakota recidivist statute was not proportionate and was, therefore, in violation of the Eighth Amendment to the United States Constitution. In the present case, however, we need only resort to Tennessee statutes, as interpreted by Tennessee courts, to conclude that the fine was unsupported in the record and, therefore, was excessive as a simple matter of sentencing law.

"This court has the authority to review fines pursuant to the 1989 Sentencing Act." *State v. Patterson*, 966 S.W.2d 435, 446 (Tenn. Crim. App. 1997). "The trial court's imposition of a fine, within the limits set by the jury, is to be based upon the factors provided by the 1989 Sentencing Act, which include "the defendant's ability to pay that fine, and other factors of judgment involved in setting the total sentence." *State v. Marshall*, 870 S.W.2d 532, 542 (Tenn. Crim. App. 1993); *see State v. Lewis*, 978 S.W.2d 558, 567 (Tenn. Crim. App. 1997). Thus, the trial court, and upon *de novo* review this court, must consider factors and principles "such as[] prior history, potential for rehabilitation, financial means, and mitigating and enhancing factors[] that are relevant to an appropriate, total sentence." *State v. Blevins*, 968 S.W.2d 888, 895 (Tenn. Crim. App. 1997). The mandated considerations include the defendant's ability to pay the fine, *Patterson*, 966 S.W.2d at 446; *Marshall*, 870 S.W.2d at 542; *State v. Bryant*, 805 S.W.2d 762, 766 (Tenn. Crim. App. 1991); however, a "significant fine is not automatically precluded just because it works a substantial hardship of a defendant – it may be punitive in the same fashion incarceration may be punitive." *Marshall*, 870 S.W.2d at 542. "The seriousness of the offense[] may support the punitive nature of the fine assessed." *State v. Alvarado*, 961 S.W.2d 136, 153 (Tenn. Crim. App. 1996).

Using these guidelines, it is as easy to conclude that the fine in the present case runs counter to the1989 Sentencing Act as it is to conclude, via the three-part proportionality test of *Helms*, that the fine violates the constitution.

In the present case, the record reflects that the defendant was convicted of second-offense driving under the influence (DUI), for which the jury selected, and the trial court approved, a fine of $3,500, and second-offense driving on a revoked license (DRL), for which the jury selected, and the trial court approved, a fine of $27,500. The defendant was also convicted of violation of the implied consent law. In addition to the fines, the trial court imposed a sentence of eleven months, 29 days on the DUI, with 200 days to be served before being released on probation, to run concurrently with the same sentence imposed on the DRL. The defendant was ordered to pay court costs on the consent law violation.

Although no transcript of the defendant's jury trial is provided in the appellate record, we glean from the motion for new trial that the conviction offenses resulted from an automobile accident, and the defendant maintained at trial that he was not the driver of the car in which he was riding. The presentence report introduced at the sentencing hearing reflects that the defendant was born August 21, 1948, and on January 10, 1998, he was arrested for DUI and DRL following a traffic accident in Tullahoma. Apparently no one suffered any injuries or damages in the accident; at least, the report indicated that restitution was "not applicable." The report indicated that neither mitigating factors nor enhancing factors had been filed by the parties.

At the time of trial, a charge was pending against the defendant for an arson on a fire that occurred while the defendant was on bond for the current charges. The defendant's prior criminal record included the following convictions: DUI, 1994, 1992, 1990; DRL 1994, 1992, 1988; parole revocation (theft) 1993; theft 1993; failure to appear 1992; worthless check 1990, 1989, 1987(2), 1985, 1969; burglary, 1969; larceny 1993, 1967; and speeding 1989. Various offenses similar in nature to the above convictions were reported, but not verified, from other jurisdictions, including federal cases. The investigation officer testified that the defendant served federal prison time and admitted convictions in Virginia and in Memphis, Tennessee. The defendant spent significant periods of time in incarceration and had been employed recently as a nurseryman and landscaper. The defendant did not testify at the sentencing hearing. His counsel stipulated the correctness of the presentence report.

During the sentencing hearing, the prosecutor referred to the fine recommended by the jury as being "unusually high." In his argument to the trial judge, the prosecutor commented that the jury "took the charge real darn serious in assessing what I can only describe as the biggest fine I have ever heard o[f] in the State of Tennessee for driving on revoked license pursuant to that statute" and suggested that the court might "consider redocketing that matter for remittitur for something more in line with the defendant's ability to pay, but all things considered, I . . . think . . . that an 11-29 sentence is . . . merited. . . ."

The trial court made no findings with respect to the jury-recommended fine, nor did it orally pronounce its approval of any fine. The jury-recommended fine amounts appear, without any further commentary by the trial judge, in the court's judgments.

Based upon this court's *de novo* review of this record, I must conclude that, pursuant to our sentencing law, the record fails to support a fine of $27,500. The first question we must address is whether the case should be remanded for further consideration and findings by the trial court or whether we should adjudicate the fine as a function of *de novo* review. We recognize and emphasize that a "trial court may not simply impose the fine as fixed by the jury." *Blevins*, 968 S.W.2d at 895. In the past, when the trial judge has "failed to articulate the basis for imposing the . . . fine set by the jury," we have remanded for the trial court's reconsideration in light of all appropriate sentencing considerations. *Lewis*, 978 S.W.2d at 567.

In the present case, however, the record supplies a basis for a rational *de novo* review, and unencumbered as we are by any findings of the trial court, we should conclude that the significant, but minimum, fine of $3,000 should be imposed. To be sure, the defendant's prior record and his low potential for rehabilitation support the propriety of a significant, or punitive, fine. *See Marshall*, 870 S.W.2d at 542. On the other hand, the defendant's social history and lengthy incarceration periods suggest the defendant's inability to pay a large fine, and the prosecutor himself acknowledged the defendant's inability to pay "the biggest [DRL] fine" he had ever heard of in Tennessee. Also, it is significant that the state in its sentencing argument to the trial court, and the trial court itself, so far as we can glean from the record, believed that the incarceration period of 200 days was of much more penal value than the fines imposed. We should conclude that, in view of the state and the trial court discerning little or no justification for the "biggest [DRL] fine" in Tennessee, we should lay aside the jury's recommendation and impose the statutory minimum fine of $3,000.

Respectfully, such a conclusion would be a function of the sentencing law and obviates the necessity of constitutional intervention to rectify the fine.

 

_____
James Curwood Witt, Jr., Judge