IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs November 26, 2002

## STATE OF TENNESSEE v. JOHN A. TURBYVILLE

**Direct Appeal from the Criminal Court for Sullivan County**
**No. S45,036     Phyllis H. Miller, Judge**

**No. E2002-00629-CCA-R3-CD**
**August 21, 2003**

The appellant was convicted by a jury of the offense of reckless aggravated assault. He received a sentence of seven years incarceration as a Range II multiple offender convicted of a Class D felony. On appeal the appellant contends that the evidence is insufficient to support the verdict and that the trial court erred in denying him any form of alternative sentencing. Appellate review is available for these two issues despite the fact that the appellant failed to file a timely motion for new trial under Tenn. R. Crim. P. 33(b). However, review of these issues is dependent on either a timely filed notice of appeal, or in the interest of justice, a waiver of the timely filing of a notice appeal. Tenn. R. App. P. 4(a). Because the appellant filed a late motion for a new trial, his notice of appeal is likewise tardy. Neither has the appellant sought a waiver of the timely filing of the notice of appeal. Under these circumstances the appeal is DISMISSED.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court is Dismissed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which DAVID G. HAYES and NORMA MCGEE OGLE, JJ., joined.

William A. Kennedy, Blountville, Tennessee, for the appellant, John A. Turbyville.

Paul G. Summers, Attorney General & Reporter; John H. Bledsoe, Assistant Attorney General; Greeley Wells, District Attorney General; and Robert Montgomery, Jr., Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

Analysis

The judgment in this case was entered on January 9, 2001, however the motion for new trial was not filed until February 20, 2001, ten days beyond the filing deadline provided by law. See Tenn. R. Crim. P. 33(b). This filing deadline is mandatory, jurisdictional and may not be extended. Tenn. R. Crim. P. 45(b); State v. Martin, 940 S.W.2d 567, 569 (Tenn. 1997). Because the untimely

filing of a motion for new trial does not toll the time for filing a notice of appeal, a late filed motion for a new trial will generally result in an untimely notice of appeal. State v. Patterson, 966 S.W.2d 435, 440 (Tenn. Crim. App. 1997); State v. Davis, 748 S.W.2d 206, 207 (Tenn. Crim. App. 1987).

The only issues raised by the appellant on appeal are the sufficiency of the evidence and the propriety of his sentence. These issues need not be presented in a motion for new trial in order to secure appellate review of them, however, the bench and bar alike should be on notice that there is no automatic appeal of these issues to this Court. Either the timely filing of a notice of appeal must occur, or a waiver of the timely filing of a notice of appeal must be obtained from this Court in order to perfect an appeal. Tenn. R. App. P. 4(a).

It is clear, as noted in the State's brief, that the filing of the notice of appeal in this case is untimely. It is equally clear that, despite receipt of the State's brief pointing out that the appellant has not sought a waiver of the timely filing requirement in the "interests of justice" pursuant to Tennessee Rule of Appellate Procedure 4(a), the appellant has at this late date still not explained to this Court why the notice of appeal was late and why he should be excused for this tardiness. Under the circumstances we are of the opinion that this appeal should be dismissed.

## Conclusion

Because the notice of appeal in this case is untimely and because the appellant has not sought or obtained a waiver of the timely filing requirement in the "interest of justice" under Tennessee Rule of Appellate Procedure 4(a), this appeal is DISMISSED.

_____
JERRY L. SMITH, JUDGE