IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs January 8, 2008

**STATE OF TENNESSEE v. JAMES LEONARD CORDER**

**Direct Appeal from the Circuit Court for Henry County**
**No. 13905    Donald E. Parish, Judge**

**No. W2007-00390-CCA-R3-CD  - Filed April 11, 2008**

The defendant, James Leonard Corder, was convicted of driving on a revoked license and violating the Habitual Motor Vehicle Offender Act. The defendant was sentenced to six years in confinement. On appeal, the defendant argues that the evidence was not sufficient to sustain his conviction. The defendant also argues that the statute cited in the warrant for the defendant's arrest was different from the statute cited in the defendant's indictment, and therefore "an error." Following our review of the parties' briefs, the record, and the applicable law, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

J.C. McLin, J., delivered the opinion of the court, in which David G. Hayes and Alan E. Glenn, JJ., joined.

Gary J. Swayne, Assistant District Public Defender, Camden, Tennessee, for the appellant, James Leonard Corder.

Robert E. Cooper, Jr., Attorney General and Reporter; J. Ross Dyer, Assistant Attorney General; Hansel Jay McCadams, District Attorney General; and Jennifer A. Hedge, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**I.  BACKGROUND**

Officer Mike Ramos testified that he was a patrol officer in Paris, Tennessee in August of 2005 when he stopped a car driven by the defendant. Officer Ramos stopped the car because one of the headlights was out. Officer Ramos asked the defendant for his driver's license and proof of insurance. The defendant informed Officer Ramos that he "was in the process of getting it back." After obtaining the defendant's name and date of birth, Officer Ramos ascertained that the defendant's license was revoked, and he discovered that the defendant was listed as a Habitual Motor Vehicle Offender (HMVO). Officer Ramos arrested the defendant and charged him with driving on a revoked license and for being a HMVO.

Officer Ramos testified on cross-examination that there were two women in the car with the defendant. He indicated that he checked their identification, but he could not recall whether the women had driver's licenses. He also could not recall whether the defendant informed him that he was driving because it was an emergency and he had to take one of the women to the hospital.

Patricia McLean testified that she was employed by the Benton County Circuit Court Clerk's Office as a deputy clerk. She brought a certified copy of the order declaring the defendant a HMVO. The order stated that the defendant was declared a HMVO on September 3, 1992. Ms. McLean stated that since the filing of the order there were no other documents filed with the clerk's office which superseded or withdrew the order designating the defendant as a HMVO. Ms. McLean testified on cross-examination that it was possible for the defendant to file a petition to remove the HMVO designation after three years. However, she stated that it did not appear from the defendant's file that he had ever filed such a petition with the court.

Based on the foregoing evidence, the jury convicted the defendant of driving with a revoked license and violating the Habitual Motor Vehicle Offender's Act, a Class E felony. *See* Tenn. Code Ann. § 55-10-601 *et seq*. In addition, the jury assessed a fine of $350. The defendant was sentenced to six years in confinement as a Range III, persistent offender.

## II. ANALYSIS

As his first issue on appeal, the defendant argues that the evidence was insufficient to sustain his conviction for driving while restricted by the Habitual Motor Vehicle Offender Act.

Upon review, we recognize the well-established rule that once a jury finds a defendant guilty, his or her presumption of innocence is removed and replaced with a presumption of guilt. *State v. Evans*, 838 S.W.2d 185, 191 (Tenn. 1992). Therefore, on appeal, the convicted defendant has the burden of demonstrating to the appellate court why the evidence will not support the jury's verdict. *State v. Carruthers*, 35 S.W.3d 516, 557-58 (Tenn. 2000); *State v. Tuggle*, 639 S.W.2d 913, 914 (Tenn. 1982). To meet this burden, the defendant must establish that no "rational trier of fact" could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *see State v. Evans*, 108 S.W.3d 231, 236 (Tenn. 2003); *see also* Tenn. R. App. P. 13(e). The jury's verdict, once approved by the trial judge, accredits the state's witnesses and resolves all conflicts in favor of the state. *State v. Harris*, 839 S.W.2d 54, 75 (Tenn. 1992). The state is entitled to the strongest legitimate view of the evidence and all reasonable inferences which may be drawn from that evidence. *Carruthers*, 35 S.W.3d at 558. Questions concerning the credibility of the witnesses, conflicts in trial testimony, the weight and value given to the evidence, and all factual issues raised by the evidence are resolved by the trier of fact and not this court. *State v. Bland*, 958 S.W.2d 651, 659 (Tenn. 1997). We do not attempt to re-weigh or re-evaluate the evidence. *State v. Reid*, 91 S.W.3d 247, 277 (Tenn. 2002).

We conclude that the defendant has failed to establish that no "rational trier of fact" could have found the essential elements of the crime beyond a reasonable doubt. *See Evans*, 108 S.W.3d at 236 (Tenn. 2003). The defendant argued in his brief that he was simply trying help one of the women in his car who was unable to drive. The defendant contends that he was placed in an emergency situation and had to drive. The record reflects that no testimony or evidence was offered by the defendant to support his story. The only people to testify at the defendant's trial were Patricia McLean, the deputy court clerk, and Officer Mike Ramos. The defendant also failed to cite to the record or to any relevant legal authority supporting his argument of an emergency exemption. Upon review of the record, there exists ample evidence to permit jurors to conclude that the defendant operated a motor vehicle without a valid license and as a HMVO. Therefore, the defendant's argument is without merit and he is not entitled to relief on this issue.

As his second issue on appeal, the defendant argues that the statute cited in the warrant for his arrest was different from the statute cited in the indictment against him, and therefore "an error." However, after stating the issue, the defendant's brief simply states, "[t]he defendant requested that this issue be presented on appeal. It was explained to the [d]efendant that the indictment was correct, and resolved any problem that was in the General Sessions warrant." No further argument, case law or citation to the record was offered in support of the defendant's argument. "Issues which are not supported by argument, citation to authorities, or appropriate references to the record will be treated as waived in this court." Tenn. Ct. Crim. App. R. 10(b). In addition, rules of appellate procedure require that the defendant's brief contain argument, citations to relevant legal authority and references to the record. *See* Tenn. R. App. P. 27(a)(7); *see also State v. Patterson*, 966 S.W.2d 435, 441 (Tenn. Crim. App. 1997). Therefore, the issue is waived.

## CONCLUSION

Based on the foregoing reasons and authority, we affirm the judgment of the trial court.

_____
J.C. McLIN, JUDGE