yIN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs May 7, 2019

**STATE OF TENNESSEE v. PRENTICE FARRELL ANDERSON**

**Appeal from the Circuit Court for Madison County**
**No. 18-72      Roy B. Morgan, Jr., Judge**

_____

**No. W2018-01475-CCA-R3-CD**

_____

Defendant, Prentice Farrell Anderson, was indicted by the Madison County Grand Jury for one count each of possession of more than 0.5 ounce of marijuana with intent to sell; possession of more than 0.5 ounce of marijuana with intent to deliver; possession of 0.5 gram or more of cocaine with intent to sell; possession of 0.5 gram or more of cocaine with intent to deliver; unlawful possession of hydrocodone; possession with intent to use drug paraphernalia; driving with a canceled, suspended, or revoked license; and driving in violation of the window tint law.  A jury found Defendant guilty as charged on all eight counts.  The trial court merged Defendant's convictions for possession with intent to sell and possession with intent to deliver marijuana, as well as his convictions for possession with intent to sell and possession with intent to deliver cocaine, and Defendant received a total effective sentence of ten years' incarceration.  In this appeal as of right, Defendant contends that the evidence was insufficient to support his convictions because the State failed to prove possession beyond a reasonable doubt.  Having reviewed the record and the briefs of the parties, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR. and D. KELLY THOMAS, JR., JJ., joined.

George Morton Googe, District Public Defender; and Jeremy B. Epperson, Assistant Public Defender, for the appellant, Prentice Farrell Anderson.

Herbert H. Slatery III, Attorney General and Reporter; Robert W. Wilson, Assistant Attorney General; James G. (Jerry) Woodall, District Attorney General; and Lee Sparks, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

***Proof presented at trial***

On July 6, 2017, Investigators Rodney Savage, Kelly Schrotberger, and Ashley Robertson of the Jackson Police Department stopped a green Chevrolet Avalanche in the area of Highway 70 East and Interstate 40 in Jackson, Tennessee. The investigators stopped the vehicle because its windows appeared to be tinted darker than what is legally allowed. Investigator Savage testified that he approached the vehicle and made contact with Defendant, who was driving the vehicle and was the only occupant of the vehicle. He testified that he "smell[ed] a strong odor of marijuana coming from inside the vehicle." He also observed "a plastic bag with a green leafy substance that [officers] identified as marijuana." The bag containing marijuana was on the center console. Investigator Savage testified that he checked Defendant's license and discovered that it was revoked. He also testified that he used a tintometer to test the tint of the windows on the vehicle and discovered that the tint was 18 percent, which is outside of the legal limit of 35 percent. Investigator Savage determined that the vehicle was registered to Moniqua Helms. Investigator Savage testified that it was common for drug traffickers to use a vehicle owned by another person. Defendant gave a written statement that a person he knew as "Slang" or "Blade" was going to pay him to deliver the vehicle to a Walmart parking lot.

Investigator Schrotberger testified that she approached the passenger side of the vehicle and also saw a plastic bag containing what appeared to be marijuana on the center console of the vehicle. She also smelled an odor of marijuana coming from inside the vehicle. Investigator Schrotberger searched the vehicle after Investigator Savage asked Defendant to exit the vehicle. In the floorboard of the back passenger side of the vehicle, she found a duffel bag containing marijuana, cocaine, hydrocodone pills, and drug paraphernalia. She also found identification belonging to Shartavous Rollins inside the vehicle.

Investigator Robertson testified that the vehicle was registered to Mr. Rollins' mother, Moniqua Helms. The substances found inside the vehicle were analyzed by the Tennessee Bureau of Investigation (TBI). Rachel Strandquist, a special agent forensic scientist with the TBI, testified that the items seized included 215.24 grams of marijuana, a yellow tablet of hydrocodone, a white tablet of hydrocodone, and 21.96 grams of cocaine.

Defendant testified that on July 6, 2017, he saw investigators "roll by" his apartment complex. He testified that after investigators left, Mr. Rollins, whom Defendant knew as "Tookie," offered him $100 to drive Mr. Rollins' vehicle to a Walmart parking lot. Defendant testified that he agreed because he "needed the money at

the time." Defendant opened the vehicle door and smelled marijuana. Defendant asked Mr. Rollins if there was "anything in [the] truck [he] needed to know about," and Mr. Rollins replied, "no." Defendant testified that Mr. Rollins told him that he had just smoked marijuana in the vehicle. Defendant got into the vehicle and sprayed an odor eliminator called "Blunt Effects." Defendant testified that he did not have any knowledge of any illegal substances inside the vehicle. He acknowledged that his driver's license was revoked at the time he drove the vehicle.

Defendant testified that the investigators followed him for "a good three to four miles." Defendant testified that there was no marijuana on the center console of the vehicle while he was driving. He testified that he did not notice a bag of marijuana in the passenger side cup holder until Investigator Schrotberger pointed it out to him. He testified that if he had known there was marijuana in the vehicle, he "probably would have tried to dispose of it." Defendant acknowledged that he had prior felony convictions. Defendant also acknowledged that he lied to investigators about Mr. Rollins' nickname.

*Analysis*

On appeal, Defendant challenges the sufficiency of the evidence. Specifically, Defendant argues the evidence does not support the jury's finding that he constructively possessed the drugs and paraphernalia found inside the vehicle Defendant was driving. The State maintains that the evidence presented at trial is sufficient to support the jury's verdicts.

When a defendant challenges the sufficiency of the evidence, this court is obliged to review that claim according to certain well-settled principles. A guilty verdict removes the presumption of innocence and replaces it with a presumption of guilt. *State v. Evans*, 838 S.W.2d 185, 191 (Tenn. 1992). The burden is then shifted to the defendant on appeal to demonstrate why the evidence is insufficient to support the conviction. *State v. Tuggle*, 639 S.W.2d 913, 914 (Tenn. 1982). The relevant question the reviewing court must answer is whether *any* rational trier of fact could have found the accused guilty of every element of the offense beyond a reasonable doubt. *See* Tenn. R. App. P. 13(e); *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). On appeal, "the State is entitled to the strongest legitimate view of the evidence and to all reasonable and legitimate inferences that may be drawn therefrom." *State v. Elkins*, 102 S.W.3d 578, 581 (Tenn. 2003). As such, this court is precluded from re-weighing or reconsidering the evidence when evaluating the convicting proof. *State v. Morgan*, 929 S.W.2d 380, 383 (Tenn. Crim. App. 1996); *State v. Matthews*, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990). Moreover, we may not substitute our own "inferences for those drawn by the trier of fact from circumstantial evidence." *Matthews*, 805 S.W.2d at 779. Further, questions

concerning the credibility of the witnesses and the weight and value to be given to evidence, as well as all factual issues raised by such evidence, are resolved by the trier of fact and not the appellate courts. *State v. Pruett*, 788 S.W.2d 559, 561 (Tenn. 1990). "The standard of review 'is the same whether the conviction is based upon direct or circumstantial evidence.'" *State v. Dorantes*, 331 S.W.3d 370, 379 (Tenn. 2011) (quoting *State v. Hanson*, 279 S.W.3d 265, 275 (Tenn. 2009)).

In Tennessee, "[i]t is an offense for a defendant to knowingly . . . [p]ossess a controlled substance with intent to manufacture, deliver or sell the controlled substance." T.C.A. § 39-17-417(a)(4). A person "acts knowingly with respect to the conduct or to circumstances surrounding the conduct when the person is aware of the nature of the conduct or that the circumstances exist." T.C.A. § 39-11-302(b). The "intent" element of the statutes may be inferred "from the amount of a controlled substance or substances possessed by an offender, along with other relevant facts surrounding the arrest, that the controlled substance or substances were possessed with the purpose of selling or otherwise dispensing." T.C.A. § 39-17-419.

The term "possession," as used in the statute, embraces both actual and constructive possession. *See State v. Williams*, 623 S.W.2d 121, 125 (Tenn. Crim. App. 1981); *State v. Copeland*, 677 S.W.2d 471, 476 (Tenn. Crim. App. 1984). Before a person can be found to constructively possess a drug, it must appear that the person has "the power and intention at a given time to exercise dominion and control over . . . [the drugs] either directly or through others." *State v. Shaw*, 37 S.W.3d 900, 903 (Tenn. 2001) (quoting *State v. Patterson*, 966 S.W.2d 435, 445 (Tenn. Crim. App. 1997)). The mere presence of a person in an area where drugs are discovered is not, alone, sufficient to support a finding that the person possessed the drugs. *State v. Bigsby*, 40 S.W.3d 87, 90 (Tenn. Crim. App. 2000). Likewise, an individual's mere association with a person who does in fact control the drugs or property where the drugs are discovered is also insufficient to support a finding that the person possessed the drugs. *State v. Cooper*, 736 S.W.2d 125, 129 (Tenn. Crim. App. 1987); *State v. Robinson*, 400 S.W.3d 529, 534 (Tenn. 2013). However, constructive possession is determined on a case by case basis by the totality of the circumstances and can be proven by circumstantial evidence. *Robinson*, 400 S.W.3d at 534.

When viewed in the light most favorable to the State, the evidence established that Defendant was in constructive possession of the controlled substances and drug paraphernalia found inside the vehicle. Defendant was the driver and only occupant of the vehicle. As investigators approached the vehicle, they detected an odor of marijuana and discovered a bag of marijuana in plain view on the center console of the vehicle. Defendant testified that he smelled an odor of marijuana when he opened the door to the vehicle. Police discovered a bag containing marijuana, cocaine, and paraphernalia in the

rear passenger side floor board of the vehicle. Defendant argues that because the vehicle was registered to another person, and because "no investigator observed [him] place[ ] the narcotics or paraphernalia in the vehicle," the State failed to establish possession. "A defendant can constructively possess contraband found in a vehicle the defendant is driving, even if the vehicle belongs to another person." *State v. Martinez*, 372 S.W.3d 598, 606 (Tenn. Crim. App. 2011). A rational juror could reasonably conclude from the evidence presented at trial that Defendant was in possession of the contraband. Defendant is not entitled to relief.

CONCLUSION

Based on the foregoing, the judgments of the trial court are affirmed.

 

_____
THOMAS T. WOODALL, JUDGE